IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRE WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 08-018-JJF |
| | : | |
| WARDEN RAPHAEL WILLIAMS, JILL | : | |
| WALTERS, and EDUCATION/SCHOOL | : | |
| DEPARTMENT, | : | |
| | : | |
| Defendants. | : | |

Andre Wright, Pro se Plaintiff.  Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

Farnan, District Judge

    Plaintiff Andre Wright ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

    For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to amend the Complaint as to the conditions of confinement issue. The Court will deny without prejudice Plaintiff's Motion For Appointment Of Counsel and will deny as moot Plaintiff's Motion To Strike Petition. (D.I. 4, 8.)

## I.  BACKGROUND

    Plaintiff alleges that when he arrived at HRYCI he was placed on administrative segregation/disciplinary status without a hearing. He alleges that, in administrative segregation, he is locked in his cell for two days before he is allowed out for one hour to take a shower and recreate. He also alleges that he is being denied education or schooling. Finally, he alleges that he is a minor and is being housed in the same pod as adults, thus endangering his welfare. According to Plaintiff, Defendants Jill Walters ("Walters") and Raphael Williams ("Williams") are equally responsible because they are his custodial guardians.

**II.   STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.  Id. (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Respondeat Superior

Plaintiff alleges that Williams and Walters are responsible for the alleged constitutional violations because they are his "custodial guardians" while he is in the custody of the State.

It appears that the foregoing individuals are named as Defendants based upon their supervisory positions. Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v.

Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. Id.

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the Complaint to indicate that Williams or Walters were the "driving force [behind]" Plaintiff's alleged constitutional violation. More so, the Complaint does not indicate that these Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the claims against Williams and Walters are dismissed inasmuch as they have no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

   B. **Housing/Classification**

Plaintiff complains that upon his arrival at HRYCI he was

placed in administrative segregation without a hearing and remains there to date. Initially, the Court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ).

The Court concludes that Plaintiff's placement in administration segregation did not violate his due process

rights, and as a result, the decision to place Plaintiff in administrative segregation cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Plaintiff cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law. His due process claim has no arguable basis in law or in fact, and therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    C.  **Conditions of Confinement**

Plaintiff asserts that he is only allowed out of his cell one hour every forty-seven hours so that he may shower and exercise.[1]

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately

---

[1] Plaintiff also asserts that he is a minor, and he is housed on the same pod as adults. However, there are no allegations that he has been harmed by any adult on his pod.

indifferent to the inmate's health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 125 (3d Cir.2001).

At this stage of the proceedings, it would appear that Plaintiff's allegations may be sufficient to state an Eighth Amendment claim.  However, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980); <u>Hall v. Pennsylvania State Police</u>, 570 F.2d 86, 89 (3d Cir.1978)).  The Complaint is deficiently pled as it does not indicate the individuals personally responsible for the alleged constitutional violation.  As discussed above, the claims against Williams and Walters are based upon their supervisory position, and they fail.  Therefore, the Court will dismiss without prejudice the conditions of confinement claim.  Plaintiff will be allowed to amend this claim.

    **D.  Education**

Plaintiff contends he is being denied education and schooling.  Unfortunately for Plaintiff, prisoners have no constitutional right to an education.  <u>Canterino v. Wilson</u>, 869

F.2d 948, 952-54 (6th Cir. 1989); Risso v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982); Longendorfer v. Roth, No. 92-2180, 1992 WL 95919, at *1 (E.D. Pa. Apr. 23, 1992). Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.   PENDING MOTIONS**

Plaintiff seeks appointed counsel. (D.I. 8.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

This case is in its initial stages and service has not yet been effected. It is this Court's practice to dismiss without prejudice motions for appointment of counsel filed prior to

service. Based upon the foregoing, Plaintiff's request for appointment counsel will be denied without prejudice, with leave to refile following service of the Complaint.

Plaintiff also filed a Motion To Strike Petition which the Court construes as a Motion To Amend the Complaint. (D.I. 4.) The Motion will be denied as moot.

## V.   CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint and all claims against Defendants Raphael Williams, Jill Walters, and the Education/School Department as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to amend the Complaint only as to the issue of conditions of confinement. An appropriate Order will be entered.